**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **SALLY BROESSEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:10-0008** |
| | ) | |
| **JUDGE JOHN A. HUTCHINSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Plaintiff's Motion to Proceed Without Prepayment of Fees (Document No. 1.), filed on January 5, 2010; (2) Judge Hutchinson's Motion to Dismiss (Document No. 4.), filed on February 3, 2010; and (3) Plaintiff's Motion to Prosecute Defendant as a Personal Citizen (Document Nos. 8 and 10), filed on February 11, 2010. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the Judge Hutchinson's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by Judge Hutchinson in moving to dismiss. (Document No. 6.) Plaintiff filed Responses to Judge Hutchinson's Motion to Dismiss. (Document Nos. 7 and 9.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Judge Hutchinson's Motion to Dismiss (Document No. 4.) and deny Plaintiff's Motion to Proceed Without Prepayment of Fees and Motions to Prosecute Defendant as a Personal Citizen (Document Nos. 1, 8 and 10.).

**FACTUAL BACKGROUND**

On January 5, 2010, Plaintiff, acting *pro se*, filed her "Complaint of Fraud" naming Judge

John A. Hutchinson, as the Defendant.[1] (Document No. 1.) Plaintiff states that "she is the mother of Mark Williams, the biological father of a minor child, who is now deceased and complainant is the next of kin for the child's contact with her paternal family." (Id., p. 1.) Plaintiff alleges that "the biological father of the minor child . . . died on August 6, 2006." (Id.) Plaintiff contends that "she is the biological paternal grandmother of the child." (Id.) Plaintiff asserts that she "has received information that an adoption proceeding took place in Raleigh County, West Virginia concerning her paternal grandchild by the step-father, Billy Phillips, but has been unable to confirm this." (Id., p. 2.) Plaintiff argues that "she received no notification of said adoption proceedings, as she was legally entitled to as stated by WV statute 48-22-601(a)(5) and (b)(1)." (Id.) Plaintiff alleges she was entitled to notice because "the biological father had not executed a consent for adoption or relinquishment of parental rights, or that his parental/child relationship had been otherwise legally terminated prior to his death." (Id.) Plaintiff notes that "the respondents to the case knew the whereabouts and address of the complainant as to provide appropriate notice of such proceedings."(Id.) Plaintiff states that she was advised by an "attorney that she was entitled to re-open the adoption proceedings due to this reason and pursue grandparent visitation within that proceeding." (Id., p. 3.) Plaintiff alleges that she took a "Petition to Re-Open the Adoption Proceedings" to the Raleigh County Circuit Clerk on July 24, 2009, but she did not file the petition because she did not have the $145.00 filing fee. (Id.) Plaintiff alleges that in mid-August she mailed a "Pauper's Affidavit" to the Raleigh County Circuit Clerks, which was returned because there was no case number on the affidavit. (Id.) Plaintiff states that she resent the Pauper's Affidavit, which

---

[1] Because Plaintiff is acting pro se, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

was received by the Clerk on September 2, 2009. (Id.) Plaintiff contends that by Order entered on October 29, 2009, Judge Hutchinson construed her "Petition to Re-open the Adoption Proceeding" as a Motion for Reconsideration. (Id., p. 4.) Plaintiff states that she had not yet filed her "Petition to Re-open the Adoption Proceeding" because "she did not have the filing fee, and was waiting on a pauper's affidavit being approved so that she might file it. She is bewildered therefore as to how the Judge could have reviewed a petition that he does not have." (Id.) Plaintiff states that the "only issue presented for review is that indigence of the Complainant and waiver of fees." (Id.) Plaintiff argues that Judge Hutchinson "wrote an 'order' on an issue that he did not have jurisdiction over because no petition had been filed to establish jurisdiction, and it was not properly before the Court. . . Since the court was devoid of subject-matter jurisdiction, the order issued by Judge Hutchinson is void ab initio, and was, and is, of no legal force or effect." (Id., p. 7.) Plaintiff claims that Judge Hutchinson is not entitled to absolute judicial immunity because "an action done in complete absence of all jurisdiction cannot be a judicial act" and "judges have no immunity for their criminal act." (Id., pp. 8 - 9.) Plaintiff further contends that Judge Hutchinson "engaged in a 'fraud upon the court' by issuing void orders and by acting without lawful authority, he engaged in treason." (Id., p. 9.) Plaintiff requests that the Court grant the following relief: (1) "Issue an Order for the removal of Judge Hutchinson for his violations; and (2) Provide any other relief as it deems appropriate." (Id., p. 10.)

In support of her Complaint, Plaintiff attaches the following Exhibits: (2) A copy of a letter dated November 3, 2009, from Plaintiff to the Circuit Clerk of Raleigh County (Id., p. 12.); (2) A copy of an "Order Denying Petition to Re-Open Adoption Proceeding and Ordering Petition to be Treated as a Motion to Modify Grandparent Visitation in Family Court" (Id., pp. 13 - 14.); and (3) A copy of West Virginia Code § 51-4-2 (Id., p. 15.).

On February 3, 2010, Judge Hutchinson filed his Motion to Dismiss and Memorandum in Support. (Document Nos. 4 and 5.) First, Judge Hutchinson argues that Plaintiff's Complaint should be dismissed because "[t]he Plaintiff's Complaint and the relief she seeks are untenable and unfounded." (Document No. 5, pp. 4 - 9.) Judge Hutchinson argues that "a federal district court has no authority to remove a West Virginia state official from office," "to commence an impeachment proceeding," or "to interfere with a state impeachment process already in progress." (Id., p. 5.) Judge Hutchinson further states that to the extent Plaintiff is requesting that Judge Hutchinson be disqualified from her State case, this Court "has no authority to enter an order of recusal or disqualification for a State court judge." (Id., pp. 5 - 6.) Judge Hutchinson argues that Plaintiff's claim that he did not have jurisdiction is "unfounded and legally inaccurate." (Id., p. 7.) Judge Hutchinson states that "Plaintiff completely misconstrues the meaning of jurisdiction" and "[t]he authority relied on by the Plaintiff to support her jurisdictional argument and her so-called "Complaint of Fraud" is not binding upon or persuasive of this Court." (Id., p. 8.) Judge Hutchinson contends that "[h]e did not act outside of his authority by entering the October 29, 2009, order." (Id.) Finally, Judge Hutchinson cites the *Rooker-Feldman* doctrine and argues that "this Court is not the proper forum for the Plaintiff to seek relief from a state court order." (Id.) Judge Hutchinson asserts that "[i]f the Plaintiff believed she was aggrieved by Judge Hutchinson's order she could have pursued an appeal or some type of extraordinary relief with the West Virginia Supreme Court." (Id., pp. 8 - 9.)

Next, Judge Hutchinson argues that "Plaintiff's Complaint fails to state a valid cause of action for violation of her right to due process." (Id., p. 9.) Judge Hutchinson claims that "the Plaintiff fails to meet the threshold inquiry; she fails to identify any liberty or property interest she

4

possesses that has been violated." (Id., p. 10.) Judge Hutchinson asserts that "natural or biological grandparents do not have a fundamental liberty interest in the care and upbringing of their grandchildren." (Id.) Additionally, Judge Hutchinson contends that "[t]he Plaintiff does not have a federally protected liberty interest in visitation with her grandchild; therefore, does not possess any additional federal procedural protections that may flow from such a right." (Id., p. 11.)

On February 4, 2010, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising her of the right to file a response to the Judge Hutchinson's Motion to Dismiss. (Document No. 6.) On February 11, 2010, Plaintiff filed a "Motion to Prosecute Defendant as a Personal Citizen for his Actions in the Above Styled Complaint of Fraud Against the Court." (Document No. 8.) Also on February 11, 2010, Plaintiff filed her Response to Judge Hutchinson's Motion to Dismiss. (Document No. 7.) Plaintiff first acknowledges that "she became over-zealous in asking the Court to write an Order of Removal on Judge Hutchinson, although she believes it to be the obvious and deserved consequence of such behavior by a judge." (Id., p. 2.) Plaintiff explains that "[s]he is seeking that Judge Hutchinson's illegal actions are dealt with directly by this Court, pursuant to the fact that an order procured by fraud can be attacked at any time in any court." (Id., p. 4.) Thus, Plaintiff states that "the Federal Court's jurisdiction in this matter is valid for the real issue of fraud." (Id.) Next, Plaintiff continues to argue that Judge Hutchinson "had no authority to act in this matter because the matter was not properly before the Court, and a judge has no authority to act in any matter that is not properly before the Court." (Id.) Third, Plaintiff argues that "[i]t would not be proper or necessary to seek relief or to file an appeal to an order that is void and of no effect due to fraud." (Id., p. 5.) Fourth, Plaintiff claims that she was denied due process because she "was given no opportunity for a hearing, and therefore no notice." (Id., p. 6.) Plaintiff

5

argues that "[i]f a judge acts without subject matter jurisdiction, (as the Plaintiff asserted in her Complaint), the judge is acting unlawfully, and has committed an unlawful interference with one's person, property, or rights." (Id.) Accordingly, Plaintiff requests that the Court find as follows: (1) "Judge Hutchinson knowingly and intentionally made one or more misrepresentation to the Court, constituting a fraud upon the court;" (2) "He is liable for those actions as a personal citizen;" (3) "The order issued by Judge Hutchinson under the fraud is void ab initio, and was, and is, of no legal force or effect;" and (4) "Any other relief that it deems appropriate." (Id., p. 8.)

On February 16, 2010, Plaintiff filed her "Addendum to Response to Motion to Dismiss Complaint of Fraud." (Document No. 9.) Plaintiff states that she "mailed a Response on February 9 before receiving the directions from the Federal Court. She is therefore sending an addendum to the Response." (Id., p. 1.) Plaintiff states that "[m]ost of the issues are responded to in the Response by Plaintiff" and "[p]oints added and explained here are # 4, 5, 6, 7, & 14":

4.    Plaintiff did send a letter to Circuit Clerk explaining the reason a case number was not on the Pauper's Affidavit, as referenced to by Defendant, but DID NOT say that she did not know the style of the case. She said that the TITLE of the Petition was on the Pauper's Affidavit; but did not say ANYTHING about the relief asked for in the Petition on the Affidavit, or claim that it did. This is yet another misrepresentation of facts by the Defendant.

5.    Defendant makes a statement in his dismissal Motion that "After reviewing the 'file' he entered an order." This is a subtle misrepresentation also, because the word file could be interpreted to mean the Family Law file, but in the Order of October 29, 2009, he clearly says "upon review of the Petition he (the Court) believes." pg 3. Plaintiff asserts he had no petition to review. Stated in Plaintiff's Complaint of Fraud. [exhibit of October 29 Order is attached to Complaint] Plaintiff believes that this is an intentional attempt to confuse the issue by the Defendant.

6.    . . . She has specifically stated the elements for fraud in her Response to his Motion, and they were contained in her Complaint and shown to be founded. Plaintiff states one additional element, that is his intent to deceive the

6

Plaintiff and the Court, which she believes was his motive for misstating fact to the Court, constituting the fraud upon the Court. Misleading statements are most likely to be fraudulent where on party exploits a position of trust and confidence. *Defendant was exploiting a position of trust and confidence as a Judge, to the Circuit Clerk and Plaintiff. . . .*

7.   Defendant points out that the Federal Court does not have authority to remove a judge from office as asked for; pg 4 &5. Plaintiff has conceded that the wrong relief was initially asked for per the Complaint in the Response. Plaintiff should have asked for the defendant to be considered as a personal citizen for the purpose of this action, and as his behaviors dictate. A Motion for this purpose is enclosed.

14.   Defendant claims that the citations Plaintiff cites do not stand for the proposition or legal argument she is asserting. Pg. 8. Plaintiff asserts that Defendant is using the incorrect proposition and argument of law that they present as being asserted. The Defendant claims Plaintiff is seeking grandparents rights, and the Plaintiff asserts she is challenging jurisdiction on the matters of due process of right to be heard and fraudulent allegations made by Judge Hutchinson, and that these cites are relevant and persuasive.

(Id., pp. 1 - 3.) Plaintiff attaches copies of the following Exhibits: (1) A copy of a Timeline of Events (Id., pp. 5 - 6.); (2) A copy of her "Corrected Prayer for Relief" (Id., p. 9.); and (3) A copy of Plaintiff's "Paupers Affidavit" as allegedly filed in the Circuit Court of Raleigh County (Id., p. 8 - 9.)

On February 19, 2010, Judge Hutchinson filed his "Reply Memorandum of Defendant Judge John A. Hutchinson." (Document No. 12.) Specifically, Judge Hutchinson argues as follows: (1) "Miscellaneous motions filed by Plaintiff should be denied" (Id., pp. 1 - 2.); (2) "The 'Addendum to Response to Motion to Dismiss Complaint of Fraud' was filed in violation of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure" (Id., pp. 2 - 3.); (3) "This Court does not have subject-matter jurisdiction to address the Plaintiff's claim or grant the relief she seeks" (Id., pp. 3 - 5.); (4) "The Plaintiff has failed to demonstrate that her right to procedural due process has been violated" (Id., pp. 5 - 8.); and (5) "Any claims for civil liability made by the Plaintiff are barred

by the doctrine of absolute judicial immunity" (<u>Id.</u>, pp. 8 - 11.)

## **THE STANDARD**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. <u>See</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); <u>Coleman v. Peyton</u>, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]  In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. The Court construes Plaintiff's Complaint as an attempt to proceed under Section 1331 as  Plaintiff indicates that she was denied due process in the Circuit Court of Raleigh County, West

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

9

Virginia. A thorough review of her Complaint, however, reveals that she is attempting to appeal or re-litigate a child custody hearing decided in the Circuit Court of Raleigh County. Therefore, the undersigned finds that Plaintiff's Complaint is improper and should be dismissed for a number of reasons.

1.    **Domestic Relations Exception.**

The undersigned finds that the "domestic relations exception" to federal jurisdiction applies to Plaintiff's claims. See Ankenbrandt v. Richards, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); Barber v. Barber, 62 U.S. 582, 1858 WL 9327, 16 L.Ed. 226 (1858). In Ankenbrandt, the Supreme Court held that "the domestic relations exception, as articulated by this Court since *Barber*, divests the federal court of power to issue divorce, alimony, and child custody decrees." Ankenbrandt, 504 U.S. at 703-04, 112 S.Ct. at 2215. The Supreme Court explained as follows:

> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sentence to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Id. In the instant case, Plaintiff is dissatisfied with the child custody or adoption decree issued by the Circuit Court of Raleigh County, West Virginia. Although Plaintiff appears to raise her claims as one of due process, she is actually requesting that this Court invalidate a State Court's order regarding the re-opening of the adoption of her granddaughter. Plaintiff specifically requests that this Court invalidate Judge Hutchinson Order denying Plaintiff's "Petition to Re-open Adoption

10

Proceedings." (Document No. 7.) Accordingly, the undersigned recommends that the District Court invoke the domestic relations exception and dismiss the case for lack of subject matter jurisdiction.

2.   ***Rooker-Feldman* Doctrine.**

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In the instant case, Plaintiff is essentially asking this Court to review and reject the findings of the Circuit Court of Raleigh County. In support of her request, Plaintiff alleges Judge Hutchinson improperly denied her "Petition to Re-Open the Adoption Proceeding" because Judge Hutchinson did not have jurisdiction. (Document No. 2.) Plaintiff requests that this Court find that "[t]he order issued by Judge Hutchinson under fraud is void ab initio, and was, and is, of no legal force and effect." (Document No. 7.) Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State court decision to this Court.

11

3.    <u>**Judicial Immunity**</u>.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in <u>Bradley v. Fisher</u>, 20 L. Ed. 646 (1872)." <u>Imbler v. Patchman</u>, 424 U.S. 409, 419 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); <u>Pressly v. Gregory</u>, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." <u>Jackson v. Houck</u>, 181 Fed. App'x 372, 372 (4th Cir. 2006) (quoting <u>Mireles v. Waco</u>, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." <u>Id.</u> (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

Based upon the allegations contained in the Complaint, the undersigned finds that Judge Hutchinson is absolutely immune from suit. Plaintiff contends that Judge Hutchinson is not entitled to judicial immunity because he acted without jurisdiction in denying her "Petition to Re-Open Adoption Proceedings." (Document Nos. 2 and 9.) Plaintiff explains that although she attempted to file her Petition, the Petition was never officially filed because she could not pay the required filing fee. Plaintiff argues that Judge Hutchinson erroneously denied her Petition because he did not have authority or jurisdiction to deny a Petition that had not officially been filed with the Court. In West Virginia, Circuit Court Judges (1) are empowered to preside over adoption proceedings (W. Va.

Code 48-22-101, et. seq.), (2) have concurrent jurisdiction with the Family Court over petitions and motions for grandparent visitation (W. Va. Code § 48-10-301), and (3) have appellate review over final decisions of the Family Court (W. Va. Code § 51-2-2(e)). Thus, Judge Hutchinson did not act in the "clear absence of all jurisdiction." Even assuming that Judge Hutchinson entered an Order prior to the Petition officially being filed, it appears that he merely acted in excess of his judicial authority. See Griffin v. Thornburg, 2008 WL 2512901 (W.D.N.C. Jun. 19, 2008)(rejecting plaintiff's argument that "defendant committed errors in his handling of plaintiff's juvenile case; that because these actions were in error, they were actions without proper authority; that in the absence of authority, the defendant had no jurisdiction to take the erroneous actions in question; and that because the actions were beyond the defendant's jurisdiction, judicial immunity does not apply, and the defendant is therefore liable"). Accordingly, the Court finds that Judge Hutchinson is absolutely immune from suit and Plaintiff's claim against him must be dismissed. The undersigned finds it unnecessary to consider the other reasons which Judge Hutchinson has submitted for dismissal.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1.) and Motions to Prosecute Defendant as a Personal Citizen (Document Nos. 8 and 10.), **GRANT** Judge Hutchinson's Motion to Dismiss (Document No. 4.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

Date: August 12, 2010.

R. Clarke VanDervort
United States Magistrate Judge

14