IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SALLY BROESSEL,

           Plaintiff,

v.                                                                          CIVIL ACTION NO. 5:10-cv-00008

JUDGE JOHN A. HUTCHINSON,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's Motion to Proceed Without Prepayment of Fees [Docket 1]; Plaintiff's Complaint [Docket 2]; Defendant's Motion to Dismiss [Docket 4]; Plaintiff's Motion to Prosecute Defendant as a Personal Citizen [Docket 8 and 10]; Plaintiff's Responses to Defendant's Motion to Dismiss [Docket 7 and 9]; and Defendant's Reply to Plaintiff's Response [Docket 12].  In this case, Plaintiff, *pro se*, takes issue with Defendant's role in the adoption of her grandchild.

By Standing Order entered August 1, 2006, and filed in this case on January 5, 2010, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation (PF&R).  Magistrate Judge VanDervort submitted a PF&R on August 12, 2010 [Docket 13].  In the PF&R, Magistrate Judge VanDervort recommended that the Court deny Plaintiff's Application to Proceed in Forma Pauperis and her Motions to Prosecute Defendant as a Personal Citizen, grant Defendant's Motion to Dismiss, dismiss Plaintiff's Complaint, and remove this matter from the Court's docket.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F. 2d 91, 94 (4th Cir. 1984). Objections were due in this matter by September 3, 2010. Plaintiff timely filed her objections, and this case is accordingly ripe for review.

Plaintiff makes several arguments in her objections. First, she argues that "domestic relations exception" to federal jurisdiction is not applicable because this is not a domestic relations action, but one involving fraud and deception. Similarly, she argues that the *Rooker-Feldman* doctrine is not applicable because she "is not asking the federal Court to review a state-court decision, but to make an independent decision regarding only the actions of the Respondent of fraud and deception of deliberately providing false information, specified in her complaint." (Docket 16 at 4). The Court finds that these objections are without merit. The *Rooker-Feldman* doctrine applies when the losing party in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision. *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Plaintiff's claims that are not precluded by the domestic relations exception are nevertheless prohibited by *Rooker-Feldman* since Plaintiff seeks redress for injury allegedly caused by Defendant's decision. Further, the Court finds the Defendant has judicial immunity and that Plaintiff's objections with regard to this well established doctrine are without merit.

The Court also finds, upon *de novo* review, that this case must be dismissed because Plaintiff's Complaint fails to state a claim upon which relief can be granted. She requests that this

Court issue an order removing Defendant. This Court has no statutory or other authority to grant this relief. *See* W. Va. Const., Art. 8, § 5, ¶ 1. Plaintiff's apparent attempts to amend this flawed Complaint have been unsuccessful inasmuch as she has failed to follow the requirements of Fed. R. Civ. Pro. 15 and L. R. Civ. Pro. 7.1(a)(7).

Therefore, the Court makes the additional finding relative to its authority, and also **ADOPTS** the Proposed Findings & Recommendation [Dockets 13]. The Court further **ORDERS** that Defendant's Motion to Dismiss [Docket 4] be **GRANTED** and Plaintiff's Complaint [Docket 2] be **DISMISSED**. The Court **DIRECTS** the Clerk to remove this matter from the Court's docket. A separate Judgment Order shall be separately entered by the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    September 3, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA